IN THE CIRCUIT COURT OF THE 6th JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA

CITY SQUARE LLC,

    Plaintiff,

vs.

CHUBB CUSTOM INSURANCE COMPANY,

    Defendant.

_____/

CASE NO:

## COMPLAINT

COMES NOW the Plaintiff, CITY SQUARE LLC, by and through the undersigned counsel and hereby files this Complaint against the Defendant, CHUBB CUSTOM INSURANCE COMPANY, and as grounds therefore states as follows:

1. That this is an action for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00) per cause of action, exclusive of interest, attorney fees and costs, and is otherwise within the jurisdictional limits of this Court.

2. That at all times material hereto the Defendant was an insurance company authorized to do business in the State of Florida and doing business in Pinellas County, Florida.

3. That at all times material hereto the Plaintiff was and is a resident of Pinellas County, Florida, and is otherwise *sui juris*.

4. That at all times material hereto, Plaintiff and Defendant had a policy of insurance, Policy No. 99774287-01, on Plaintiff's residence located at 528-520 Cleveland St., Clearwater, FL 33757, which afforded various types of coverages

including coverage for damage to dwelling, other structures, personal property, and for loss of use. Plaintiff is not in possession of a copy of the policy but believes one to be in possession of Defendant.

## COUNT I – BREACH OF CONTRACT

Plaintiff readopts and realleges Paragraphs 1 through 4 above as if fully stated herein, and further alleges as follows:

5. On or about March 1st, 2011, the above described property was damaged as the result of a theft loss.

6. As a result of this incident, the Plaintiff has suffered damage to the building on the subject property, damage to contents, and loss of use of the property and possessions therein.

7. The Plaintiff has furnished the Defendant with timely notice of the loss, proof of claim and has otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes, but the Defendant has refused and continues to refuse to pay either part or all of the Plaintiff's claims.

8. That the Defendant's denial of coverage and refusal to pay the full amount of the claim was contrary to the terms of the policy and/or Florida law and was a breach of said contract of insurance.

9. The Plaintiff has been damaged by the Defendant's breach of said contract of insurance by having not been compensated for the damage sustained to the building on the subject property, damage to contents, and loss of use of the property and possessions taken from therein.

10. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claim, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interests and Plaintiff has become obliged to pay them a reasonable fee for their services in bringing this action.

11. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

WHEREFORE, the Plaintiff, CITY SQUARE LLC, demands judgment against the Defendant, CHUBB CUSTOM INSURANCE COMPANY, for damages including but not limited to damage to the building, contents, loss of use, interest allowed by law, and reasonable attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law, and the Plaintiff demands trial by jury of all issues triable as a matter of right by jury.

## COUNT II – BREACH OF CONTRACT

Plaintiff readopts and realleges Paragraphs 1 through 4 above as if fully stated herein, and further alleges as follows:

12. On or about May 1st, 2012, the above described property was damaged as the result of a vandalism loss.

13. As a result of this incident, the Plaintiff has suffered damage to the building on the subject property, damage to contents, and loss of use of the property and possessions therein.

14. The Plaintiff has furnished the Defendant with timely notice of the loss, proof of claim and has otherwise performed all conditions precedent to recover under the

policy and under the applicable Florida Statutes, but the Defendant has refused and continues to refuse to pay either part or all of the Plaintiff's claims.

15. That the Defendant's denial of coverage and refusal to pay the full amount of the claim was contrary to the terms of the policy and/or Florida law and was a breach of said contract of insurance.

16. The Plaintiff has been damaged by the Defendant's breach of said contract of insurance by having not been compensated for the damage sustained to the building on the subject property, damage to contents, and loss of use of the property and possessions taken from therein.

17. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claim, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interests and Plaintiff has become obliged to pay them a reasonable fee for their services in bringing this action.

18. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

WHEREFORE, the Plaintiff, CITY SQUARE LLC, demands judgment against the Defendant, CHUBB CUSTOM INSURANCE COMPANY, for damages including but not limited to damage to the building, contents, loss of use, interest allowed by law, and reasonable attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law, and the Plaintiff demands trial by jury of all issues triable as a matter of right by jury.

## COUNT III– BREACH OF CONTRACT

Plaintiff readopts and realleges Paragraphs 1 through 4 above as if fully stated herein, and further alleges as follows:

19. On or about August 15th, 2013 the above described property was damaged as the result of a water loss.

20. As a result of this incident, the Plaintiff has suffered damage to the building on the subject property, damage to contents, and loss of use of the property and possessions therein.

21. The Plaintiff has furnished the Defendant with timely notice of the loss, proof of claim and has otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes, but the Defendant has refused and continues to refuse to pay either part or all of the Plaintiff's claims.

22. That the Defendant's denial of coverage and refusal to pay the full amount of the claim was contrary to the terms of the policy and/or Florida law and was a breach of said contract of insurance.

23. The Plaintiff has been damaged by the Defendant's breach of said contract of insurance by having not been compensated for the damage sustained to the building on the subject property, damage to contents, and loss of use of the property and possessions taken from therein.

24. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claim, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interests and Plaintiff has become obliged to pay them a reasonable fee for their services in bringing this action.

25. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

WHEREFORE, the Plaintiff, CITY SQUARE LLC, demands judgment against the Defendant, CHUBB CUSTOM INSURANCE COMPANY, for damages including but not limited to damage to the building, contents, loss of use, interest allowed by law, and reasonable attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law, and the Plaintiff demands trial by jury of all issues triable as a matter of right by jury.

## COUNT IV- PETITION FOR DECLARATORY RELIEF

Plaintiff realleges and readopts Paragraphs 1 through 4 as if fully set forth herein and sues the Defendant for declaratory relief pursuant to Chapter 86 of the Florida Statutes and further states as follows:

26. The above insurance policy between Plaintiff and Defendant provides comprehensive coverage for damages as a result of losses to property.

27. Pursuant to Chapter 86 of Florida Statutes, the Plaintiff requests this Court to take jurisdiction over this action and determine the Plaintiff's rights under said policy.

28. The Plaintiff furnished timely notice of a covered loss and otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes for the March 1st, 2011 loss.

29. Defendant refused and continues to refuse to pay the full amount of Plaintiff's claim.

30. The Plaintiff believes, but is in doubt, that the Plaintiff is entitled to full coverage under said policy, including but not limited to, coverage for damage to the building on the subject property, its contents, and its loss of use.

31. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claims, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interest and Plaintiff has become obligated to pay them a reasonable fee for their services in bringing this action.

32. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant and the following:

a. that the Court take jurisdiction over the parties and the subject matter of this action;

b. that the Court determine the rights and duties of the parties under said insurance policy;

c. that this Court enter an Order determining that the subject policy was in full force and effect at the time of the loss;

d. that the Court enter an Order determining that the damages suffered by Plaintiff are not excluded under the policy insurance.

e. that the Court enter an Order determining that the Plaintiff complied with all requirements under the policy and is entitled to full coverage for all damages under

said policy, including but not limited to coverage for the full amount of loss including damage to the building on the subject property, contents, and loss of use;

  f. that the Court award the Plaintiff attorney fees pursuant to Florida Statute Section 627.428 or other Florida law, prejudgment interest, and costs; and

  g. that the Court enter any other relief that it deems just and proper.

## COUNT V - PETITION FOR DECLARATORY RELIEF

Plaintiff realleges and readopts Paragraphs 1 through 4 as if fully set forth herein and sues the Defendant for declaratory relief pursuant to Chapter 86 of the Florida Statutes and further states as follows:

33. The above insurance policy between Plaintiff and Defendant provides comprehensive coverage for damages as a result of losses to property.

34. Pursuant to Chapter 86 of Florida Statutes, the Plaintiff requests this Court to take jurisdiction over this action and determine the Plaintiff's rights under said policy.

35. The Plaintiff furnished timely notice of a covered loss and otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes for the May 1st, 2012 loss.

36. Defendant refused and continues to refuse to pay the full amount of Plaintiff's claim.

37. The Plaintiff believes, but is in doubt, that the Plaintiff is entitled to full coverage under said policy, including but not limited to, coverage for damage to the building on the subject property, its contents, and its loss of use.

38. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claims, the Plaintiff has been required to retain the services of the undersigned

attorneys to represent and protect the Plaintiff's interest and Plaintiff has become obligated to pay them a reasonable fee for their services in bringing this action.

39. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant and the following:

a. that the Court take jurisdiction over the parties and the subject matter of this action;

b. that the Court determine the rights and duties of the parties under said insurance policy;

c. that this Court enter an Order determining that the subject policy was in full force and effect at the time of the loss;

d. that the Court enter an Order determining that the damages suffered by Plaintiff are not excluded under the policy insurance.

e. that the Court enter an Order determining that the Plaintiff complied with all requirements under the policy and is entitled to full coverage for all damages under said policy, including but not limited to coverage for the full amount of loss including damage to the building on the subject property, contents, and loss of use;

f. that the Court award the Plaintiff attorney fees pursuant to Florida Statute Section 627.428 or other Florida law, prejudgment interest, and costs; and

g. that the Court enter any other relief that it deems just and proper.

## COUNT VI - PETITION FOR DECLARATORY RELIEF

Plaintiff realleges and readopts Paragraphs 1 through 4 as if fully set forth herein and sues the Defendant for declaratory relief pursuant to Chapter 86 of the Florida Statutes and further states as follows:

40. The above insurance policy between Plaintiff and Defendant provides comprehensive coverage for damages as a result of losses to property.

41. Pursuant to Chapter 86 of Florida Statutes, the Plaintiff requests this Court to take jurisdiction over this action and determine the Plaintiff's rights under said policy.

42. The Plaintiff furnished timely notice of a covered loss and otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes for the August 15th, 2013 loss.

43. Defendant refused and continues to refuse to pay the full amount of Plaintiff's claim.

44.. The Plaintiff believes, but is in doubt, that the Plaintiff is entitled to full coverage under said policy, including but not limited to, coverage for damage to the building on the subject property, its contents, and its loss of use.

45. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff's claims, the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interest and Plaintiff has become obligated to pay them a reasonable fee for their services in bringing this action.

46..   In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant and the following:

   a.   that the Court take jurisdiction over the parties and the subject matter of this action;

   b.   that the Court determine the rights and duties of the parties under said insurance policy;

   c.   that this Court enter an Order determining that the subject policy was in full force and effect at the time of the loss;

   d.   that the Court enter an Order determining that the damages suffered by Plaintiff are not excluded under the policy insurance.

   e.   that the Court enter an Order determining that the Plaintiff complied with all requirements under the policy and is entitled to full coverage for all damages under said policy, including but not limited to coverage for the full amount of loss including damage to the building on the subject property, contents, and loss of use;

   f.   that the Court award the Plaintiff attorney fees pursuant to Florida Statute Section 627.428 or other Florida law, prejudgment interest, and costs; and

   g.   that the Court enter any other relief that it deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

Dated this 22 day of April, 2016.

By: _____
JOHN A. SALCEDO
Florida Bar No: 14665
THE MINEO SALCEDO LAW FIRM, P.A.
Attorneys for Plaintiff
5400 S. University Dr., Suite 502
Davie, FL 33328
T: (954) 463-8100
F: (954) 463-8106
Service@mineolaw.com